IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THEODORE E. OKECHUKU, § | |
| # 59813-060, § | |
|     Movant, § | |
| § | CIVIL NO. 3:25-CV-2929-B |
| v. § | (CRIMINAL NO. 3:13-CR-481-B-1) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Theodore E. Okechuku's *Motion to Vacate and Correct Sentence – 28 U.S.C. §2255(a): Sentence in Excess of Statutory Maximum*, received on October 29, 2025 (Doc. 2). Based on the relevant filings and applicable law, the motion is **DISMISSED** without prejudice for lack of jurisdiction.

**I. BACKGROUND**

After a two-week trial with several co-defendants in October 2015, a jury found Okechuku guilty of conspiracy to unlawfully distribute a controlled substance ("Count One"), using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a drug trafficking crime ("Count Two"), and conspiracy to use, carry, and brandish a firearm during and in relation to a drug trafficking crime ("Count Three"). *See* Crim. Docs. 129, 300. By amended judgment dated October 24, 2016, the Court sentenced him to 216 months' imprisonment on Count 1 and Count 3, to run concurrently with each other, and 84 months' imprisonment on Count 2, to run consecutively to his sentences on Count 1 and Count 3, for a total aggregate term of 300 months' imprisonment; his sentences are to be followed by three years of supervised release. *See* Crim. Doc. 524. The Court also ordered him to pay a personal forfeiture

money judgment in the amount of $337,136.83. *See id.* The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed the judgment on direct appeal. *See United States v. Oti*, 872 F.3d 678 (5th Cir. 2017).

On June 30, 2021, Okechuku's first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was dismissed as time-barred as to several of his grounds for relief and denied as to his remaining grounds. *See Okechuku v. United States*, No. 3:19-cv-01005-B (BT), 2021 WL 2690091 (N.D. Tex. June 14, 2021), *rec. adopted*, 2021 WL 2685283 (N.D. Tex. June 30, 2021). The Fifth Circuit denied a certificate of appealability on February 25, 2022. *See United States v. Okechuku*, No. 21-10733, 2022 WL 2870163 (5th Cir. Feb. 25, 2022). Okechuku's subsequent attempt to challenge his convictions and sentences under 28 U.S.C. § 2241 through the savings clause of § 2255(e) was also unsuccessful. *See Okechuku v. Salmonson*, No. 5:22cv135, 2023 WL 5519362 (E.D. Tex. Aug. 1, 2023), *rec. adopted*, *Okechuku v. United States*, 2023 WL 5510281 (E.D. Tex. Aug. 25, 2023).

Okechuku then attempted to challenge his convictions and sentences through a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Okechuku*, No. 3:13-CR-0481-B-1, 2025 WL 888429, at *2 (N.D. Tex. Mar. 21, 2025). After his § 3582(c) arguments attacking the validity of his sentence were construed as forming an unauthorized successive § 2255 motion over which the Court lacked jurisdiction, Okechuku sought authorization from the Fifth Circuit to file a successive § 2255 motion on May 20, 2025. *See id.*; *In re Okechuku*, No. 25-10628, Doc. 2 (5th Cir. Aug. 26, 2025). On August 26, 2025, the Fifth Circuit denied Okechuku's motion for authorization to file a successive § 2255 motion. *See In re Okechuku*, No. 25-10628, at Doc. 25-1.

2

Undeterred, Okechuku again challenges two of his convictions and sentences under § 2255. *See* Doc. 2. He argues that "his sentence on Count One in the above styled case exceeds the statutory maximum penalty authorized by law and whereas Count Three, which was imposed to run concurrently, in interdependent on the other count, which constitutes an illegal sentence." *Id.* at 1.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction," and they may raise the issue *sua sponte*. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

The circumstances under which a movant may file a second or successive § 2255 motion are limited by § 2255(h). *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). Under § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by the appropriate court of appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). As recognized by

3

*Orozco-Ramirez,* a movant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. *See id.* at 870-71. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 motion that was not presented in a prior motion, the new motion must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Okechuku's current § 2255 motion again challenges the same judgment as his original § 2255 motion that was dismissed as time-barred and denied. As such, the motion is successive within the meaning of § 2255, and the determination whether Okechuku may file the successive motion "must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court." *United States v. Ornelas-Castro*, No. 3:07-CR-190-K (02), 2019 WL 6135156, at *2

4

(N.D. Tex. Nov. 18, 2019); *see also* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 2255(h). Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction to consider Okechuku's new § 2255 motion, and the motion is subject to dismissal. *See Davis v. Sumlin*, 999 F.3d 278, 279 (5th Cir. 2021) ("[Petitioner] never sought or obtained that permission, so the district court had no jurisdiction to accept the second-or-successive petition—much less to consider the merits of it."); *Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686.

Here, because the Fifth Circuit has already denied authorization for Okechuku to file a successive § 2255 motion raising the same grounds for relief—among various others—asserted in this action, dismissal, rather than transfer, is warranted. *See generally In re Okechuku*, No. 25-10628, at Doc. 2.

### III.  CONCLUSION

The *Motion to Vacate and Correct Sentence – 28 U.S.C. §2255(a): Sentence in Excess of Statutory Maximum*, received on October 29, 2025 (Doc. 2), is **DISMISSED** for lack of jurisdiction without prejudice to Okechuku's right to seek leave from the Fifth Circuit to file a second or successive § 2255 motion.

SO  ORDERED  this  26th day of February, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE